VELMA PICCOLO *v.* MARY MARRA, *Admx. etc.*

(No. 9542)

Submitted April 11, 1944. Decided June 16, 1944.

*Paul B. Ware* and *J. Blackburn Ware,* for appellant.
*Wm. T. George,* for appellee.

KENNA, JUDGE:

This chancery cause was instituted in the Circuit Court of Barbour County by Velma Piccolo against Mary Marra, in her own right and as administratrix of the estate of Patsey Marasco, deceased, and the known creditors, distributees and heirs-at-law of the decedent, for the purpose of collecting one hundred and four dollars and sixty-five cents, being fifty-two and one-eighth per cent of a claim for two hundred dollars filed by the complainant with the personal representatives and allowed as a recoverable item against the estate in the only and final settlement of accounts before E. Wayne Talbott, Commissioner, on the 23rd day of December, 1939. Mary Marra appeared and by her answer asserted that the claim of the plaintiff had been discharged in full and

set up as exhibits the report of the commissioner of accounts, stating that she had properly accounted for all funds that came into her hands as such administratrix and recommending that she should be discharged as such and her bond released, together with a check drawn on the First National Bank of Philippi, payable to Velma Piccolo, for the amount claimed, and signed by the administratrix, the cancelled check bearing what appears to be the endorsements of Velma Piccolo and Daisy Piccolo and the "Paid" mark of the Bank.

The case was referred to a commissioner in chancery, who reported that the check payable to Velma Piccolo had been drawn in the office of the commissioner of accounts on December 14, 1939, but had not been delivered to the payee, but that it and a check for one hundred and fifty-six dollars and seventy-seven cents, payable to Mary Marra and drawn on the same bank, were cashed at the bank on January 18, 1940; that the payee was an illiterate person who could neither read nor write, whose practice it was, in endorsing checks, to have her name written on the back thereof by one of her children and to make her mark; that on the day the two checks were cashed by Lucy Marra there was a savings account opened at the First National Bank of Philippi in the name of Mary Marra by a cash deposit in the sum of two hundred and thirty dollars, and that the first time the payee had seen the check drawn to her order was approximately a year after it had been cashed. The commissioner therefore found that the signature appearing upon the back of the check as being that of the payee was plainly a forgery and that the check had never been delivered to the payee, and that while the statement of the commissioner of accounts recommended that the administratrix be relieved from further responsibility and showed the amount of the claim as an approved disbursement, it should be decreed to be a valid claim against the estate of the decedent, which then had sufficient assets on hand reduced to possession since the settlement, to pay it in full.

The trial chancellor approved the account of the commissioner in chancery and decreed accordingly, and upon the application of the personal representative this appeal was allowed.

The substance of the seven points of assigned error goes to the question of whether the claimant, the amount due whom had been allowed in the report of an administratrix filed before a commissioner of accounts, approved by him and confirmed by the county court without exception, when not actually paid, may be recovered in a chancery proceeding of this nature, in the light of the provision contained in Code, 44-2-19, to the effect that after the report of a commissioner of accounts has been confirmed by the county court or the circuit court on appeal, the same shall be considered forever binding and final.

Appellee counters the contention of the appellant by citing the final sentence contained in Code, 44-2-24, which reads as follows:

"If the personal representative shall fail or refuse to pay claims and make distribution within three months following the time when he may legally do so, and no appeal has been taken from the order of confirmation of the report on claims, any party interested may institute a suit in chancery against such personal representative to compel payment and distribution as provided by section 22, article 4 of this chapter."

We do not believe that Code, 44-2-19, has for its purpose making the report of disbursement, made by an administrator to a commissioner of accounts and approved by him, a final conclusion concerning the actual *payment* of those disbursements, because Section 24 of the same article fixes the time that a personal representative may pay the claims against a decedent's estate, after the confirmation by the commissioner of accounts thereof, as being one year from the time of the qualification of the first executor or administrator. Patsey Marasco died in the month of April, 1939, and Mary Marra was appointed

his administratrix on April 11, 1939. The check drawn to the order of Velma Piccolo was dated December 14, 1939, and paid on January 18, 1940. The report of the commissioner of accounts allowing it as an approved disbursement in the purported final settlement of the administratrix, was dated December 23, 1939. We are, therefore, of the opinion that insofar as the validity of the claim, its amount, priority, and participation in the known assets at that time, are concerned, the report of the commissioner of accounts did become binding. But to regard the confirmation of that report, under the circumstances of this case, as being an adjudication of its payment, we believe would be clearly approving the violation of other statutory provisions. This we cannot do.

If the amount of the claim is to be regarded as having become fixed by the order of confirmation of the county court and its payment is not to be regarded as having been settled thereby, it necessarily follows its present status is that of an allowed claim that the personal representative has refused to meet within three months following the time he might legally have done so, and therefore has now fallen within the provision of Code, 44-2-24, authorizing a chancery proceeding to compel its payment. Therefore, the decree of the Circuit Court of Barbour County is affirmed.

*Affirmed.*