**WHEELING DOLLAR SAVINGS & TRUST CO., Executor under the last will and testament of Louis J. Yaeger, deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 80–0077–W(H).**

United States District Court, N. D. West Virginia, Wheeling Division.

Dec. 2, 1981.

William J. Yaeger, Jr., Herndon, Morton, Herndon & Yaeger, Wheeling, W. Va., for plaintiff.

Stephen G. Jory, U. S. Atty., Wheeling, W. Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

The parties in the present action bring cross motions for summary judgment pursuant to *Rule* 56, Federal Rules of Civil Procedure, to resolve a dispute concerning an assessment for fiduciary income taxes by the Commissioner of Internal Revenue. The parties have entered into a stipulation of facts, and have fully briefed and supplemented the legal issues for the Court.

Louis J. Yaeger died on January 2, 1978, and Plaintiff qualified as executor of his estate on January 30, 1978. The decedent's probate estate consisted of clothing and personal effects valued at $150.00, corporate stock of actively traded companies valued in excess of $650,000.00, and a savings certificate for $10,000.00. Lillian M. Yaeger, surviving spouse of the decedent, was the primary beneficiary of her late husband's estate and distributions to her during 1978 amounted to $40,747.33. Other distributions amounted to $20,273.15 for a total of $61,020.48 in distributions for the year of 1978.

At issue in the present action is whether the distributions made in 1978 by the Plaintiff were properly paid under state law and, therefore, deductible under Section 661(a)(2) of the Internal Revenue Code of 1954. The pertinent part of that section provides:

> (a) Deduction—In any taxable year there shall be allowed as a deduction in computing the taxable income of an estate or trust (other than a trust to which subpart B applies) the sum of—
>
> \* \* \* \* \* \*
>
> (2) Any other amounts *properly paid* or credited or required to be distributed for such taxable year; (emphasis supplied)

Defendant contends that the distributions were not proper under West Virginia law. This position is based primarily on W.Va. Code Section 44–2–24, entitled, *When Claims and Legacies May Be Paid and Estate Distributed*; which states in part:

> *After the report of a commissioner on the claims against the estate of any decedent has been confirmed as aforesaid, and after one year from the time of the qualification of the first executor or administrator shall have elapsed*, the personal representative may pay the claims allowed by the Commissioner against the decedent's estate . . . and pay legacies and distribute the surplus among the parties entitled thereto in the amounts and proportions determined by the Commissioner . . . If the personal representative shall fail or refuse to pay claims and make distribution within three months following *the time when he may legally do so*, and no appeal has been taken from the order of confirmation of the report on claims, any party interested may institute a suit in chancery against such personal representative to compel payment and distribution as provided by section twen-

ty-two (§ 44–4–22), article four of this chapter. (Emphasis added).

Thus, Defendant contends, Section 44–2–24 prohibits distributions to beneficiaries until the Commissioner's Report is confirmed and one year has elapsed since the appointment of the executor.

It is clear that Plaintiff in the action challenged here must be considered to have performed properly its discretionary act of making a distribution of income from the decedent's estate unless the act was clearly in violation of state law. The inference suggested to the Court by Defendant is that because claims may be paid after one year, they may not be paid at all or in part within the designated one year period. This does not follow and the Court finds no good reason why Plaintiff should now be subjected to this strained interpretation.

None of the cases cited by the Defendant addresses the issue of the validity of distributions within a one year period of the qualification of an executor. The case closest to Defendant's theory is *Piccolo v. Marra*, 126 W.Va. 940, 30 S.E.2d 747 (1944). In *Piccolo* an action was brought on a claim for a share of an estate. Although a check had been sent to a payee, it was determined to have found its way into other hands by the court below and the payee was allowed to recover the amount which she had been determined to be entitled to from the residual of the estate. The executor of the estate relied on the report of the commissioner of accounts as a conclusive showing that disbursement had been made. To this argument the Court stated:

> We are, therefore, of the opinion that insofar as the validity of the claim, its amount, priority, and participation in the known assets at that time, are concerned, the report of the commissioner of accounts did become binding. But to regard the confirmation of that report, under the circumstances of this case, as being an adjudication of its payment, we believe would be clearly approving the violation of other statutory provisions. This we cannot do. [30 S.E.2d at 748]

The Defendant contends that this language stands for the proposition that any payment within one year of the appointment of a personal representative would be in violation of the statute. The language, however, clearly stands for the proposition that confirmation of the distribution does not obviate one's rights under the statute to seek recovery where there has been no actual payment. The court's syllabus states:

> A claim approved by a confirmed report of a commissioner of accounts as a disbursement made by an administratrix within one year from the date of the appointment of the first personal representative of the decedent, but not actually paid, may be recovered in a chancery proceeding brought by the claimant against the administratrix under the provisions of Code 44–2–24. [30 S.E.2d at 747]

Reading the *Piccolo* case carefully, this Court is even more impressed that there is no prohibition of discretionary disbursements of the proceeds of an estate within one year.

This Court has reviewed the other stipulated facts of the present case and finds nothing to suggest that the disbursements at issue were done in violation of state law. Rather, the circumstances of the distribution as well as Plaintiff's arguments in support thereof impress the Court that Plaintiff is entitled to recover an erroneous assessment of taxes.

Accordingly, Plaintiff's motion is GRANTED, and Defendant's motion is DENIED.